DELBELLO DONNELLAN WEINGARTEN　　　　　*Hearing Date: March 6, 2019*
WISE & WIEDERKEHR, LLP　　　　　　　　　　*Hearing Time: 10:00 a.m.*
Attorneys for the Debtor
One North Lexington Avenue
White Plains, NY 10601
(914) 681-0200
Julie Cvek Curley, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
JUDY LYNN ANKER,　　　　　　　　　　　　　Case No. 16-22732 (rdd)

　　　　　　　　　　　　Debtor.
----------------------------------------------------------------X

# NOTICE OF HEARING TO CONSIDER FINAL APPLICATION
# FOR ALLOWANCE OF PROFESSIONAL COMPENSATION
# AND REIMBURSEMENT OF EXPENSES

**PLEASE TAKE NOTICE**, that upon the application of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP rendering services with respect to the above captioned Chapter 13 case, a hearing shall be held before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, 300 Quarropas Street, White Plains, New York 10601, on the 6th day of March, 2019 at 10:00 a.m., or as soon thereafter as counsel may be heard, to consider the final application pursuant to Sections 330 and 503(b) of the Bankruptcy Code (the "Application") of the following professional retained herein:

| **Applicant & Nature of Representation** | **Compensation Requested** | **Unreimbursed Expenses** | **Period of Request** |
|---|---|---|---|
| DelBello Donnellan Weingarten Wise & Wiederkehr, LLP Attorneys for the Debtor | $ 7,948.00 | $ 0.00 | 8/31/2016 – 12/27/2018 |

**PLEASE TAKE FURTHER NOTICE**, that the Application is on file with the Office of the Clerk of the Bankruptcy Court at the address stated above and may be examined on the

Court's website www.nysb.uscourts.gov/ (PACER password and login are required) or may be obtained from the undersigned upon written request.

**PLEASE TAKE FURTHER NOTICE**, that objections to the Application, if any, shall be made in writing, filed with the United States Bankruptcy Court at the website address listed above with a copy delivered directly to the Chambers of Honorable Robert D. Drain and served upon the undersigned so as to be received no later than seven (7) days prior to the Hearing.

Dated: White Plains, New York
December 27, 2018

        DELBELLO DONNELLAN WEINGARTEN
        WISE & WIEDERKEHR, LLP
        *Attorneys for the Debtor*
        One North Lexington Avenue, 11th Floor
        White Plains, New York 10601
        (914) 681-0200

        By: */s/ Julie Cvek Curley*
            Julie Cvek Curley

| DELBELLO DONNELLAN WEINGARTEN | *Hearing Date: March 6, 2019* |
|---|---|
| WISE & WIEDERKEHR, LLP | *Hearing Time: 10:00 a.m.* |
| Attorneys for the Debtor | |
| One North Lexington Avenue | |
| White Plains, NY 10601 | |
| (914) 681-0200 | |
| Julie Cvek Curley, Esq. | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

JUDY LYNN ANKER,

Chapter 13
Case No. 16-22732 (rdd)

                        Debtor.
-----------------------------------------------------------------X

## APPLICATION FOR FINAL ALLOWANCE OF COMPENSATION AND EXPENSES TO ATTORNEYS FOR THE DEBTOR UNDER 11 U.S.C. §330 AND 11 U.S.C. §503(a)

**TO: HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

      DelBello Donnellan Weingarten Wise & Wiederkehr, LLP ("Applicant") attorneys for Judy Lynn Anker, the above captioned Chapter 13 debtor (the "Debtor"), hereby submits this application seeking final approval of professional fees pursuant to Bankruptcy Code Sections 330 and 503(a), covering services rendered by the Applicant to the Debtor from August 31, 2016 through December 27, 2018, plus necessary and reasonable disbursements incurred during the same period of time. In support of the Application, the Applicant respectfully represents as follows:

### JURISDICTION AND VENUE

      1.      The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. §

157(b)(2)(A).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This proceeding has been initiated pursuant to Bankruptcy Code §§330 and 503(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (the "<u>Bankruptcy Code</u>"), and Rule 3007(d)(6) and (8) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

**<u>BACKGROUND AND SUMMARY OF PROFESSIONAL SERVICES RENDERED</u>**

4. On or about May 26, 2016, (the "<u>Filing Date</u>") the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code (the "<u>Chapter 13 Case</u>").

5. Thereafter the instant proceeding was referred to your Honor for administration under the Code.

6. On the Filing Date, Jeffrey L. Sapir was appointed as the Chapter 13 Trustee in the Chapter 13 Case, and upon his retirement, Krista M. Preuss was appointed as the successor Standing Chapter 13 Trustee.

7. On July 14, 2016, the Debtor filed the Disclosure of Compensation of Attorney for Debtor pursuant to FRBP Rule 2016 (the "<u>Rule 2016 Statement</u>", Dkt No. 11), a copy of which is annexed hereto as **Exhibit "A".** The Rule 2016 Statement excluded from the services covered by the flat fee retainer services rendered by Applicant related to:

> …
> 2. Loss Mitigation / Mortgage Loan Modification: Client understands that Client may also retain and employ Firm to help Client attempt to modify Client's first mortgage in the Bankruptcy Court's Loss Mitigation Program as part of the services being provided under the retainer agreement. If Client chooses to proceed with these services, Client agrees to pay the Firm for hourly billing, in accordance with the current billing rates set forth in this agreement. Client understands that there is no guarantee of success and that the fee will be charged regardless of outcome.
> 3. A Motion seeking relief from the Automatic Stay or a Motion to

> Dismiss Client's case based upon Client's failure to comply with Client's obligations in the Bankruptcy Case.
> …

8. On August 31, 2016, Wells Fargo Bank, National Association, as Trustee to Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE1 c/o Nationstar Mortgage LLC ("Nationstar") filed a motion seeking relief from the automatic stay pursuant to §362(d) of the Bankruptcy Code (the "MRS") related to her primary residence located at 27 Hickory Hill Drive, Dobbs Ferry, New York 10522 (the "Residence").

9. Following the filing of the MRS, Applicant was able to obtain a "HAMP" mortgage modification from Nationstar related to the Residence.

10. The temporary modification provided for monthly payments commencing on November 1, 2016 through January 1, 2017. Following the final payment, the Debtor continued to make the temporary payments.

11. Finally, after several adjournments on the MRS, on May 8, 2017, Applicant obtained a permanent modification agreement from Nationstar, which Applicant reviewed with the Debtor, and returned to Nationstar on May 19, 2017.

12. Thereafter, Applicant was notified that notwithstanding that the modification was timely returned, the permanent modification was denied because it was untimely. Applicant worked with Nationstar to ensure that the permanent modification was properly applied to the Debtor's account.

13. On or about July 12, 2017, Applicant received confirmation from Nationstar that the permanent medication was accepted by Nationstar. The following day, on July 13, 2017, Applicant drafted and efiled a Motion to approve the permanent modification agreement. No objections were filed, so Applicant submitted a proposed order approving the modification, which

was entered by this Court on August 2, 2017.

14. At the request of the Clerk's Office, Applicant drafted and submitted a proposed Order terminating Loss Mitigation and Final Report, which was entered by this Court on February 12, 2018.

15. On March 16, 2018, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, as indenture trustee, for the CSMC 2017-1 Trust, Mortgage-Backed Notes, Series 2017-1 ("Wilmington") as holder of a second mortgage on the Residence, filed a motion for relief from stay pursuant to §362(d)(1) of the Bankruptcy Code (the "Wilmington Motion"). The Wilmington Motion has continued to be adjourned and is *sub judice.*

16. On September 24, 2018, the Debtor filed an Amended Chapter 13 Plan [the "Amended Plan", Docket No. 41] which proposes, *inter alia*, to remove the wholly unsecured second mortgage held by Wilmington as against the Residence.

17. Applicant, on behalf of the Debtor, has been responsible for assisting the Debtor in resolving the MRS and obtaining a mortgage modification with Nationstar related to her Residence in this Chapter 13 case.

## APPLICATION FOR FEES

18. Applicant has acted as legal counsel to the Debtor and has performed all of the necessary professional legal services in connection therewith.

19. As set forth in the Rule 2016 Statement, should the Debtor decide to engage Applicant's services to defend a motion for relief from the automatic stay or pursue Loss Mitigation, Applicant would bill Debtor at an hourly rate.

20. Much has been written on the subject of the unusual conditions under which attorneys representing debtor's in Chapter 13 cases must work. As is the case in Chapter 11

cases, other than a pre-petition retainer, counsel for debtors in Chapter 13 cases are not assured of any further payment. Nevertheless, they continue to work to protect their client's interests, knowing that they may never be paid for all of their time. Accordingly, as is done in Chapter 11 cases, Applicant urges the Court to make an award of compensation that involves the adjustment of the lodestar amount to reflect certain factors. In the present case, it is respectfully submitted that the delay in payment, the quality of representation, and the results obtained, should be taken into consideration in computing the award of final compensation.

21. Further consideration should be given to the time value of the money had it been paid contemporaneously with the rendition of services. Applicant believe that the allowance sought herein for services rendered and to be rendered is clearly fair and reasonable, particularly in view of the complexity of the case and the issues presented therein

22. Your applicant's standard time charge for the period from August 31, 2016 through February 12, 2018 was $410.00 per hour for partner time; $375.00 per hour for associate time; and $150.00 per hour for paralegal time.

23. Applicant has expended a total of 23.00 hours of time from August 31, 2016 through February 12, 2018 for matters related to the MRS and Loss Mitigation for total fee in the amount of $7,948.00. The number of hours expended by Applicant was kept to a minimum because of the high level of expertise and experience which Applicant brought to this matter. A summary of the time records are annexed hereto as **Exhibit B**.

## NOTICE

24. The Motion is being served upon: (i) the Debtor, (ii) the Chapter 13 Trustee, (iii) the Office of the U.S. Trustee, and (iv) all parties filing notice of appearance. Applicant submits that such service is good and sufficient notice, as required by Bankruptcy Rules and Local

Bankruptcy Rule 9013-1(c).

**WHEREFORE**, the Applicant request that it be granted final allowance for compensation for professional services rendered, as set forth in this Application, to this Applicants in the sum of $7,948.00, together with such other and further relief as is just, proper and equitable under the circumstances.

Dated: White Plains, New York
December 27, 2018

>
> DELBELLO DONNELLAN WEINGARTEN
> WISE & WIEDERKEHR, LLP
> *Attorneys for the Debtor*
> One North Lexington Avenue, 11th Floor
> White Plains, New York 10601
> (914) 681-0200
>
> By: */s/ Julie Cvek Curley*
>      Julie Cvek Curley